CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 24 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

HOWARD WHITAKER,
Reg. #10996-007,
    Petitioner,

v.

TERRY O'BRIEN, WARDEN[1],
UNITED STATES PAROLE
COMMISSION,
    Respondents.

Civil Action No. 7:06CV00048

MEMORANDUM OPINION

By: Hon. James C. Turk
Senior United States District Judge

Petitioner, Howard Whitaker, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Respondents have filed a motion to dismiss to which Petitioner has responded, making the matter ripe for the Court's consideration. Upon review of the record, the Court concludes that the petition must be filed and summarily dismissed, as it is clear from the face of the petition that Petitioner is not entitled to relief.

Petitioner challenges the United States Parole Commission's ("Commission") decision to deny him parole, contending that the Commission made an error in applying the guidelines in his case. He contends that the Commission "double-counted" by using the same "aggravating factors" relied upon in his December 13, 2002 hearing to deny parole at his most recent hearing on October 5, 2005. Petitioner also contends that the notices do not include a "'statement of reason for detaining petitioner beyond the guideline range they have calculated.'"

I. Procedural History

Petitioner's offense involved the kidnapping, attempted rape, and brutal assault of a female acquaintance. Her injuries were so severe that she remained in a coma for two weeks and required extensive medical treatment and rehabilitation. Petitioner was convicted of mayhem

---

[1] The only proper Respondent for a petition filed pursuant to 28 U.S.C. § 2241 is the Petitioner's immediate custodian. See 28 U.S.C. § 2241; Scott v. United States, 586 F. Supp. 66 (E.D. Va. 1984). In the instant action, Petitioner's immediate custodian is Terry O'Brien, Warden USP Lee County. Accordingly, Warden O'Brien should be properly substituted as the Respondent in this case.

1

while armed, and assault with intent to commit rape while armed, by a jury in the Superior Court of the District of Columbia and sentenced on May 15, 1991. Petitioner is serving a sentence of 13 years to life and on October 5, 2005, had served 176 months.

Petitioner first received a parole hearing on May 12, 1999. The hearing examiner reviewed Petitioner's prior record which included a conviction for robbery and assault with a knife, a charge of assault to commit rape, in which it was alleged that he used a knife, and a charge of rape. The two latter charges were dismissed. Based partially on Petitioner's past record and the opinion of the examiner that the facts of the current case supported a finding of attempted murder, the examiner determined Petitioner's Total Point Score to be a 6 (Base Point Score of 7 with 1 point given for ordinary program achievement) and recommended that Petitioner not be granted parole. The examiner noted that Petitioner "is a violent sexual predator" and "both the seriousness of the offense behavior and the risk to the public would appear to warrant the subject's continued custody through his life term." On June 10, 1999, the Commission issued a Notice of Action denying parole, indicating that Petitioner's next hearing should be scheduled for 18-24 months from his parole eligibility date of November 1999.[2]

Petitioner received another parole hearing on December 13, 2002, in which the Commission applied the revised parole guidelines at 28 C.F.R. § 2.80. The hearing examiner noted that Petitioner had not participated in many programs and had "not made much of an effort at self-improvement since he last appeared." Petitioner claimed that he was innocent of the underlying offense. Based on Petitioner's denial of the offense and lack of remorse, the hearing examiner determined that Petitioner presented a significant risk for committing a similar crime if he was released into the community. The examiner applied the revised guidelines and

---

[2]The examiner noted that there was a discrepancy between the sentence computation, which indicated a parole eligibility date of November 15, 1999 (service of only 8 years), and the minimum requirement of 13 years on Petitioner's life term. There is no indication that this miscalculation was ever resolved.

2

determined Petitioner's total guideline range to be 156-174 months.[3] On January 29, 2003, the Commission issued a Notice of Action denying parole, indicating that Petitioner was continued to a three-year reconsideration hearing in December, 2005, after 36 months from his hearing date.

Petitioner received a reconsideration hearing on October 5, 2005. The examiner noted that he believed that the high level of violence of the offense was factored into the guidelines and he recommended that Petitioner be granted a parole effective date of March 25, 2006. A second hearing examiner reviewed the recommendation and disagreed. The examiner noted that the Commission had previously determined that the Base Point Score did not capture the violence in Petitioner's offense. The examiner recommended a decision denying parole and setting a reconsideration hearing in October 2008, after 36 months from his hearing date. On November 9, 2005, the Commission issued a Notice of Action denying parole, indicating that Petitioner was continued to a three-year reconsideration hearing in October, 2008.

Petitioner asserts that using the same "aggravating factors" to deny parole at two consecutive hearings[4] and also to arrive at the "salient factor score and severity rating component" constitutes double counting. On both occasions, the Commission issued a Notice of Action[5], supporting its determination to continue Petitioner beyond the term provided by the parole guidelines by stating that parole release was denied based on the especially brutal behavior of petitioner, his refusal to accept responsibility for the offense, and the fact that he presented a significant risk for committing a similar crime. Both notices stated, "a decision above the new total guideline range is warranted because you are a more serious risk than indicated by your Base Point Score in that your Base Point Score of 7 . . . does not adequately capture your vicious,

---

[3]This recommendation was reviewed by a second hearing examiner. A minor correction was made in the calculation of the guidelines and the recommendation was revised to 158-176 months.

[4]December 13, 2002 & October 5, 2005.

[5]January 29, 2003 & November 9, 2005.

3

assaultive behavior." The notices also stated:

> You have not accepted responsibility for your offense, despite the positive identification of you as the assailant of the victim, who knew you by your nickname, and the fact that the jury found you guilty. Your refusal to accept responsibility for your offense indicates [that] you have not attempted to gain insight into your behavior and this creates a risk to the community that you may become involved in similar behavior in the future.

## II. Analysis

D.C. inmates have no Constitutional or statutory right to early release on parole from their criminal sentences, as the applicable statutes now delegate sole discretionary authority to grant or deny parole to the United States Parole Commission. Romano v. Baer, 805 F.2d 268 (7th Cir. 1986) (citing Iuteri v. Nardoza, 732 F.2d (2nd Cir. 1984); Stroud v. United States Parole Comm'n, 668 F.2d 843 (5th Cir. 1982)); 18 U.S.C. § 4218(d). Judicial review of Commission action is thus extremely narrow and limited to determining "whether the Parole Commission acted arbitrarily or capriciously." Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir. 1982).

The Commission may deny release irrespective of the guidelines "if it determines there is good cause for so doing." 18 U.S.C. § 4206(c). Thus, the Commission generally may examine the nature of the offense and characteristics specific to its commission which may warrant continuing the prisoner beyond the term provided in the guidelines. Romano, 805 F.2d at 268 (1986). The Commission, however, cannot use aggravating factors to continue a prisoner beyond the guidelines when such factors were used initially to place the prisoner in a particular severity category. Such a practice is known as "double-counting" and constitutes an abuse of discretion. Double counting occurs when the Commission, in setting a parole hearing or rehearing date, relies upon an aggravating factor to generate a presumptive parole date for a prisoner under the federal parole guidelines, and then applies the same factor in determining whether to extend the date beyond the presumptive date set out under the guidelines. The abuse of discretion arises because an inmate is inordinately prejudiced whenever a single unfavorable factor is given twice its weight for the same determination. Hall v. Henderson, 672 A.2d 1047, 1055 (D.C. App.

4

1996); See, e.g., Romano, 805 F.2d at 271 (1986) (citing Harris v. Martin, 792 F.2d 52 (3d. Cir.1986)) (finding that the Commission may not use the same factor in scoring a prisoner pursuant to guidelines and as an aggravating factor justifying a decision above guidelines); Solomon v. Elsea, 676 F.2d 282 (7th Cir.1982).

Petitioner's claim that Respondents "double-counted" is not supported by the record. Petitioner does not suggest that the Commission erred in applying the aggravating factors to both his original severity category determined at his first parole hearing of May 12, 1999 and also his subsequent hearings, but merely compares the two subsequent hearings of December 13, 2002 & October 5, 2005. Petitioner essentially claims that the Commission is not permitted to rely upon the same factors during both the 2002 and 2005 parole hearings to deny parole. This argument is without merit. The result of each parole hearing depends on whether the prisoner is suitable for parole at the time release is proposed to take place and this is left to the discretion of the Commission. See Warren v. U.S. Parole Commission, 659 F.2d 183, 196 (D.C. Cir. 1981). Petitioner's refusal to accept responsibility and his risk to the community continues to be a relevant consideration at each hearing. Also, the Commission specifically noted that Petitioner's Base Point Score did not "adequately capture" his "vicious, assaultive behavior." Thus, none of the aggravating factors cited by Petitioner were considered when his original severity category was determined and there was consequently no abuse of discretion by "double counting."

Petitioner is also incorrect when he claims that the notices do not include a "'statement of reason for detaining petitioner beyond the guideline range they have calculated.'" The Commission examined the nature of the offense and considered several other factors when they determined that there was "good cause" for exceeding the guidelines. It is well-established that the Commission can properly consider unusual circumstances of the prisoner's offense as aggravating factors warranting a decision above the guidelines. See Harris v. Martin, 792 F.2d 52 (3d Cir. 1986); Alessi v. Quinlan, 711 F.2d 497 (2d Cir. 1983). Also, there is nothing improper about the Commission considering the *nature* of a prisoner's offense in determining the

type of risk posed by the parole applicant. See Butler v. U.S. Parol Com'n, 570 F.Supp. 67, 80 n.3 (M.D.Pa. 1983); Stroud v. U.S. Parole Com'n, 668 F.2d 843 (5th Cir. 1982). The Commission specifically pointed to several factors as support for their decisions to exceed the guidelines. Vicious, assaultive behavior, refusal to accept responsibility, and significant risk factors concerning similar crimes have all been recognized as sufficient reasons to go beyond the guideline range. See White v. Hyman, 647 A.2d 1175 (D.C. 1994) (finding that "public safety" is a legitimate concern under D.C. law and may justify a guideline departure); Ronning v. United States, 547 F.Supp. 301, 306 (M.D.Pa. 1982) (holding that the Commission may enter a decision above the guidelines where the prisoner has a propensity to repeatedly commit the same type of offense). Because the Commission set forth in writing sufficient reasons for denying Petitioner's release as required by § VII(A) of the Guidelines, their actions cannot be termed arbitrary or capricious and will be upheld.

Based on the foregoing, the Court concludes that it is clear from the face of Petitioner's petition that he is entitled to no relief. Therefore, the Court will file and dismiss his petition summarily. Petitioner's request for another parole hearing, without the use of the "same 'aggravating factors,'" is denied. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to Petitioner and to counsel of record for the Respondents.

ENTER: This 24th day of August, 2006.

*James C. Turk*
Senior United States District Judge

6